UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| AHMAD RASHAD JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00730-TWP-MJD |
| | ) | |
| CHATEAU DEVILLE RESIDENCES LP D/B/A | ) | |
| CHATEAU DEVILLE, | ) | |
| BARRETT & STOCKELY MANAGEMENT, | ) | |
| LLC, | ) | |
| DONALD W. DEBONE, | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY SCREENING COMPLAINT AND ORDER TO SHOW CAUSE

On April 27, 2023, *pro se* Plaintiff Ahmad Rashad Jackson ("Plaintiff") initiated this civil action by filing his fill-in-the-blank Complaint for a Civil Action against Defendants Chateau DeVille Residences LP d/b/a Chateau DeVille ("Chateau DeVille") and Donald W. DeBone ("DeBone") (together, "Defendants") (Filing No. 1).[1] The same day, Plaintiff filed an Emergency Petition for Temporary Injunction ("Petition for TRO") (Filing No. 4). The next day, on April 28, 2023, before the Court could screen the original Complaint, Plaintiff filed an Amended Complaint, which incorporates the Petition for TRO in its prayer for relief (Filing No. 6). The Amended Complaint is now the operative pleading in this action. This Court has an obligation to ensure federal jurisdiction and determine if the pleading states a claim state a claim on which relief may be granted, accordingly, this matter is now before the Court for screening.

---

[1] In Plaintiff's original Complaint, Plaintiff appeared to also name Barrett & Stockely Management, LLC, as a defendant (Filing No. 1 at 1). Plaintiff's Amended Complaint makes clear that he is naming only Chateau DeVille Residences LP and Donald W. DeBone as Defendants.

I. **Screening**

The Seventh Circuit has explained,

> [D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status. 28 U.S.C. § 1915(e)(2)(B); *McGore*, 114 F.3d at 608. The district court may screen the complaint prior to service on the defendants, and must dismiss the complaint if it fails to state a claim. 28 U.S.C. § 1915(e) (2)(B).

*Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999).

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

II. **Plaintiff's Amended Complaint**

*Pro se* complaints such as that filed by Plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008). In his Amended Complaint, Plaintiff asserts claims for violations of 42

U.S.C. § 1983 and for abuse of process. He asserts federal question jurisdiction as the basis for federal jurisdiction (Filing No. 6 at ¶ 1). Plaintiff alleges Defendants are citizens of the State of Indiana. *Id.* at ¶4. Although Plaintiff's original Complaint alleged he is also a citizen of Indiana, his Amended Complaint does not allege his own citizenship and asserts only that Plaintiff "has no minimum contacts with the State of Indiana," so Plaintiff's alleged citizenship is unclear. *Id.* at ¶ 3.

Plaintiff alleges that on February 24, 2023, Chateau De Ville filed an eviction proceeding against him in the Washington Township, Marion County Small Claims Court, under Case Number 49K07-2302-EV-000596 (the "Eviction Proceeding") (Filing No. 6 at ¶ 9). DeBone is serving as counsel for Chateau De Ville in that proceeding. *Id.* at ¶ 11. According to the state court's docket, a contested hearing is set for April 28, 2023, at 3:00 P.M. Judgment/Order, *Chateau De Ville Residences LP d/b/a Chateau De Ville v. Jackson*, No. 49K07-2302-EV-000596 (filed Apr. 24, 2023); *see Daniel v. Cook County*, 833 F.3d 728, 743 (7th Cir. 2016) (finding that a court may take judicial notice of an action of other courts or the contents of filings in other courts to establish the fact of such litigation and related filings).

The Amended Complaint cites at length various provisions of the Uniform Residential Landlord and Tenant Act, the National Housing Act of 1934, the United States Housing Act of 1937, the Uniform Relocation Assistance and Real Property Acquisition Policies Act, and the Housing and Community Development Act (Filing No. 6 at ¶¶ 13–46). Plaintiff alleges the Defendants have no authority under these statutes to evict him, or to initiate or prosecute the Eviction Proceeding in state court. The Amended Complaint asserts two counts against Defendants. In Count I, asserted under Section 1983, Plaintiff alleges that Defendants acted under color of state law by initiating the Eviction Proceeding and violated Plaintiff's Sixth and Fourth Amendment rights by attempting to evict Plaintiff and change the locks on his residence. *Id.* at

¶¶ 48–49. In Count II, Plaintiff alleges Defendants initiated the Eviction Proceeding for "an ulterior purpose" and in contravention of the above-cited housing statutes' legislative intent of "ending homelessness." *Id.* at ¶¶ 50–56.

Plaintiff seeks a TRO that Defendants be prohibited from evicting him and that he be awarded $500,000 in compensatory damages, punitive damages, and costs. *Id.* at 9.

### III.    Dismissal of Plaintiff's Amended Complaint

Federal courts are courts of limited jurisdiction, not general jurisdiction, and "[n]o court may decide a case without subject-matter jurisdiction, and neither the parties nor their lawyers may stipulate to jurisdiction or waive arguments that the court lacks jurisdiction. If the parties neglect the subject, a court must raise jurisdictional questions itself." *United States v. County of Cook*, 167 F.3d 381, 387 (7th Cir. 1999); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). "Courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A court "must raise the issue *sua sponte* when it appears that subject matter jurisdiction is lacking." *Buethe v. Britt Airlines*, 749 F.2d 1235, 1238 (7th Cir. 1984); *see also Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*"). "When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh*, 546 U.S. at 514, *quoted in Miller v. Herman*, 600 F.3d 726, 730 (7th Cir. 2010); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

To survive dismissal, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when

4

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citations and quotation marks omitted). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support").

Based on the allegations of the Amended Complaint, this Court does not have jurisdiction to adjudicate Plaintiff's claims. As explained below, Plaintiff's request for an injunction prohibiting his eviction is barred by the Anti-Injunction Act and the *Rooker-Feldman* doctrine, and Plaintiff's factual allegations fail to adequately assert a federal claim to give rise to federal question or diversity jurisdiction in this Court.

### A. Lack of Jurisdiction to Award Requested Injunctive Relief

In his Amended Complaint, and the incorporated Petition for TRO, Plaintiff requests an injunction prohibiting Defendants from evicting him (Filing No. 6 at 9; Filing No. 4). Plaintiff appears to believe that following the April 28, 2023 contested hearing in the Eviction Proceeding, the state court will issue an eviction order awarding possession of the premises to Defendants, "making Petitioner and his family homeless" (Filing No. 4 at 2). To prevent this potentiality, the Court would need to either issue an injunction staying the Eviction Proceeding or declare any state court eviction order void. The Court may do neither.

Under the Anti-Injunction Act, a federal court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283; *see Atlantic*

*Coast Line R.R. Co. v. Broth. of Locomotive Eng'rs.*, 398 U.S. 281, 287 (1970) (stating "the prohibition of § 2283 cannot be evaded by addressing the order to the parties or prohibiting utilization of the results of a completed state proceeding" instead of directing the injunction directly at the state court itself). The Anti-Injunction Act is "a clearcut prohibition" against enjoining state court actions "qualified only by specifically defined exceptions," which "should not be enlarged by loose statutory construction." *Atlantic*, 398 U.S. at 287 (1970). An injunction in this case is not necessary "in aid of [this Court's] jurisdiction, or to protect or effectuate its judgments. Here, "[t]he only basis to enjoin the state court case would be so that [this Court] could rule on the federal issues first. But . . . this is no basis for an injunction.

Moreover, this case is in its infancy, so an injunction will not protect this Court's orders . . . ." *A.B. ex rel. Kehoe v. Housing Authority of South Bend*, No. 11 CV 163, 2011 WL 2692966, at *4 (N.D. Ind. July 8, 2011) (citing cases explaining inapplicability of "aid of jurisdiction" and "protection of judgment" exceptions). Likewise, an injunction is not appropriate under the "expressly authorized by Act of Congress" exception. Although actions under Section 1983 fall within this exception, for the reasons discussed below, Plaintiff has not adequately pled a Section 1983 claim. Additionally, "according to the Supreme Court, the applicability of an exception to the Act does not 'qualify in any way the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding.'" *Kehoe*, 2011 WL 2692966, at *5 (quoting *Mitchum v. Foster*, 407 U.S. 225, 243 (1972)).

Plaintiff presents no evidence that during the April 28, 2023 contested hearing, "the state court will be unable to resolve, will be hostile to, or will disregard any federal claims that may be presented as a defense to [Defendants'] claims. . . . Indiana courts routinely adjudicate eviction proceedings and are more than capable of resolving any federal issues that may come before it."

6

*Id.* at *6 (citing *Zurich Am. Ins. Co. v. Superior Court for State of Cal.*, 326 F.3d 816, 827–28 (7th Cir. 2003). For that reason, even if Plaintiff had adequately pled a Section 1983 claim and the Court *could* issue an injunction, an injunction would be inappropriate. *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 151 (1988) ("The fact that an injunction *may* issue under the Anti-Injunction Act does not mean that it *must* issue." (emphasis in original)).

Similarly, the *Rooker-Feldman* doctrine would prevent this Court from enjoining Plaintiff's eviction if and when the state court issues an eviction order in the Eviction Proceeding.[2] The *Rooker-Feldman* doctrine derives from two decisions of the United States Supreme Court: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). According to this doctrine, lower federal courts are precluded from exercising jurisdiction over claims seeking review of state court judgments or over claims "inextricably intertwined" with state court determinations. *See, e.g., Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). "The *Rooker-Feldman* doctrine precludes federal jurisdiction over these claims because, no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000). The Court accordingly lacks jurisdiction over Plaintiff's claims seeking injunctive relief barring his eviction.

### B. <u>Lack of Jurisdiction Due to Insufficient Pleading</u>

As a more general matter, this Court lacks jurisdiction because Plaintiff has failed to adequately plead claims establishing federal question or subject matter jurisdiction.

---

[2] In the alternative, if the state court decides not to issue an eviction order following the April 28, 2023 contested hearing, then Plaintiff will not be made "homeless," and his request for injunctive relief will be moot.

As for Plaintiff's Section 1983 claim, Plaintiff alleges Defendants acted under color of state law in depriving Plaintiff of his rights. "Liability under § 1983 requires proof of two essential elements: that the conduct complained of (1) 'was committed by a person acting under color of state law' and (2) 'deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" *Yang v. Hardin*, 37 F.3d 282, 284 (7th Cir. 1994) (quoting *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 331–32 (1986)).

The Amended Complaint fails to satisfy the first element. Plaintiff alleges that "Defendant," which the Court assumes to mean Chateau De Ville, is not a designee of the Secretary of Housing and Urban Development, is not a delegate of the Lieutenant Governor of Indiana, and is not a "government or public agency" (Filing No. 6 at ¶¶ 37–39. The Amended Complaint also states that the property at issue is not public housing and is not used for "public use" as defined under Indiana Code § 32-24-4.5-1. *Id.* at ¶¶ 41, 43. Although Plaintiff may believe that this absence of state authority means that Chateau De Ville, and its attorney DeBone, lacked authority to initiate the Eviction Proceeding, what it actually means is that Defendants did not act under color of state authority.

The Amended Complaint goes on to allege that Chateau De Ville was a state actor by virtue of being "an entity licensed and registered to do business in this State," and that DeBone is a state actor by virtue of being a person "who holds a license to act as attorney." *Id.* at ¶ 48. However, private businesses are not state actors merely because they are licensed by a state or subject to state regulations. *See Phillips v. Quality Terminal Servs., LLC*, 855 F. Supp. 2d 764, 779 (N.D. Ill. 2012) (citing cases holding highly regulated private entities are not state actors by virtue of regulation). Likewise, "[e]ven though attorneys are licensed and regulated under state law, they are not state

8

actors for purposes of § 1983 unless they act in concert with state officials to deprive persons of their constitutional rights." *Patel v. Heidelberger*, 6 F. App'x 436, 437–38 (7th Cir. 2001). The Amended Complaint does not sufficiently allege that Defendants acted under color of law, so his Section 1983 claim cannot succeed.

That leaves Plaintiff with just his state law claim for abuse of process. However, Plaintiff has not adequately alleged diversity of citizenship. Plaintiff has alleged that DeBone is a citizen of Indiana, but he has failed to properly plead the citizenship of Chateau De Ville, which is the citizenship of all of its partners, and he has failed to plead his own citizenship. Without this information, the Court cannot determine whether diversity of citizenship exists. If, as stated in Plaintiff's original Complaint, Plaintiff is a citizen of Indiana, then diversity would not exist.

For all of the above reasons, the Court lacks jurisdiction over Plaintiff's claims and this action is subject to dismissal for the reason set forth above. Moreover, because this Court lacks jurisdiction, the Court is unable to consider Plaintiff's Petition for TRO at this time (Filing No. 4).

### IV.     Opportunity to Show Cause

Plaintiff shall have through **Friday, May 26, 2023**, by which to show cause why judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an . . . applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If Plaintiff elects to file a second amended complaint, he should conform to the following guidelines: (a) the second amended complaint shall comply with the requirement of Rule 8 of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ," which is sufficient to provide the defendants

with "fair notice" of the claim and its basis; *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the second amended complaint must include a demand for the relief sought; (c) the second amended complaint must identify what legal injury Plaintiff claims to have suffered and what persons are responsible for each such legal injury; and (d) the second amended complaint must include the case number referenced in the caption of this Entry. The second amended complaint also should demonstrate that jurisdiction is proper in this Court.

## CONCLUSION

Having screened the Amended Complaint, the Court finds it is subject to dismissal for lack of jurisdiction. Plaintiff is granted leave to file a second amended complaint by no later than **Friday, May 26, 2023**. If no second amended complaint is filed by that date, this action will be dismissed for the reasons set forth above.

**SO ORDERED**.

Date:   4/28/2023

*[signature]*

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

AHMAD RASHAD JACKSON
9100 KEYSTONE CROSSING
#870
INDIANAPOLIS, IN 46240